IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| KAREN DICKEY<br><br>    Plaintiff<br><br>vs.<br><br>PEROUTKA & PEROUTKA, P.A. AND DOES 1-10, INCLUSIVE<br><br><br>    Defendants | CIVIL ACTION NO.: 1:11-CV-02492-BEL |

**BRIEF IN SUPPORT OF PEROUTKA & PEROUTKA, P.A.'S MOTION TO DISMISS COMPLAINT**

**I.    PLAINTIFF'S COMPLAINT**

Karen Dickey ("Dickey") has sued Peroutka & Peroutka, P.A. ("P&P"), a Pasadena Maryland law firm, asserting causes of action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et. seq. ("FDCPA") (Count I) and the Maryland Consumer Debt Collection Act, §14-201, et. seq., Md. Ann. Code, Comm. Law II ("MCDCA") (Count II). Ms. Dickey alleges that she is a consumer as defined by 15 U.S.C. §1692a(3) of the FDCPA (Compl., ¶ 4)[1] and that she incurred a financial obligation of $3,308.50 to a "Creditor" that she fails to identify (¶ 8). Ms. Dickey contends that "the debt arose from services . . . primarily for family, personal or household purposes" (¶ 9), but she does not explain what services she allegedly obtained on credit.

The Plaintiff alleges in a conclusory fashion that P&P, a law firm whose partners, Michael A. Peroutka and Stephen G. Peroutka have been practicing law in the State of Maryland

---

[1] All further references to the Complaint will be to the paragraph number only.

1

since 1981 and 1982 respectively (Exhibit 1) operates as a "collection agency" and is a "debt collector" as defined by the FDCPA (¶ 5). Ms. Dickey complains that P&P "engage(d) in harassment and abusive tactics" (Introduction to ¶¶ 12-14) when obtaining a judgment against her and in filing a post-judgment garnishment on her bank account which allegedly contained Social Security disability funds and government retirement checks (¶¶ 12-24).

Ms. Dickey claims that P&P's conduct "was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (¶ 17) and that as a result, she suffered "humiliation, anger, fear, frustration and embarrassment." (¶ 16).

## II. THE PUBLIC RECORD OF PASADENA RECEIVABLES, INC. V. KAREN L. DICKEY

The public record of the debt collection lawsuit and resulting judgment referenced in the Complaint is attached to this brief as Exhibit 2.[2] This court record establishes that P&P filed suit on behalf of Pasadena Receivables, Inc. against the Plaintiff in the District Court of Maryland for Harford County on January 3, 2011. (Ex. 2 at p. 6). After obtaining service of process, P&P's client was awarded a judgment on April 29, 2011. Id. P&P then served a writ of garnishment on property other than wages to be served on the Baltimore County Employees Federal Credit Union. (Ex. 2 at p. 5) On May 23, 2011, the Credit Union filed a Confession of Assets answering that it held $800.00 in an account labeled as "06 escrowed" and described as "held as other acct." (Ex. 2 at p. 3) The Credit Union's pleading did not otherwise describe the nature of the funds in the account nor did its answer allege that the deposits consisted of Social Security disability payments or government retirement funds. Without taking any further action, P&P dismissed the garnishment on June 7, 2011. (Ex. 2 at p. 2)

---

[2] These papers, with redactions made to comply with Rule 5.2, Federal Rules of Civil Procedure are part of an official court record and may be reviewed in ruling on a motion to dismiss. *See*, Part V, *infra*.

The Court record also discloses that neither the Plaintiff nor the Credit Union filed any objection to the garnishment. There is also no record that the Plaintiff filed a claim with the state court asserting that the funds in her Credit Union account were exempt under applicable Federal or state law.

**III.   THE FAIR DEBT COLLECTION PRACTICES ACT**

In 1977, Congress passed the FDCPA for the purpose of eliminating abusive debt collection practices. [15 U.S.C. § 1692(e)]. In 1986, Congress repealed the FDCPA's prior exemption from coverage for attorneys representing clients. *See*, Pub. L. 99-361. Later, the Supreme Court ruled that the FDCPA applies to attorneys engaged in litigation activities. Heintz v. Jenkins, 514 U.S. 291 (1995).

There are three major regulatory components to the FDCPA. First, debt collectors are required to furnish initial written disclosures to debtors (15 U.S.C. § 1692g) and must provide further disclosures in follow up communications. [15 U.S.C. § 1692e(11)]. Second, the FDCPA limits communications that a debt collector may have with either the debtor (15 U.S.C. § 1692c) and/or with third parties (15 U.S.C. § 1692b). The third major regulatory component addresses prohibited conduct. Collectors may not engage in conduct that harasses or abuses a debtor (15 U.S.C. § 1692d); collectors may not use false, or misleading statements in connection with the collection of a debt; (15 U.S.C. § 1692e); and collectors may not engage in unfair collection practices (15 U.S.C. § 1692f).

In this case, the Plaintiff alleges that P&P harassed and abused her in violation of 15 U.S.C. §1692d (¶ 19); that P&P used false and deceptive representations in connection with the collection of her debt in violation of 15 U.S.C. §1692e and e(10) (¶¶ 20 and 21); and that P&P used unfair or unconscionable methods to collect the debt including attempting to collect

amounts not authorized by the agreement creating the debt in violation of 15 U.S.C. §1692f and f(1) (¶¶ 22 and 23).

## IV. THE MARYLAND CONSUMER DEBT COLLECTION ACT

The Maryland Consumer Debt Collection Act, §14-201, et. seq., Md. Ann. Code, Comm. Law II prohibits a "collector" from engaging in certain contact when attempting to collect "an alleged debt arising out of a consumer transaction." §14-201(b).

§14-202(1) of the MCDCA provides that:

"In collecting or attempting to collect an alleged debt a collector may not:

(1) Use or threaten force or violence;
(2) Threaten criminal prosecution, unless the transaction involved the violation of a criminal statute;
(3) Disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false;
(4) Except as permitted by statute, contact a person's employer with respect to a delinquent indebtedness before obtaining final judgment against the debtor;
(5) Except as permitted by statute, disclose or threaten to disclose to a person other than the debtor or his spouse or, if the debtor is a minor, his parent, information which affects the debtor's reputation, whether or not for credit worthiness, with knowledge that the other person does not have a legitimate business need for the information;
(6) Communicate with the debtor or a person related to him with the frequency, at the unusual hours, or in any other manner as reasonably can be expected to abuse or harass the debtor;
(7) Use obscene or grossly abusive language in communicating with the debtor or a person related to him;
(8) Claim, attempt, or threaten to enforce a right with knowledge that the right does not exist; or
(9) Use a communication which simulates legal or judicial process or gives the appearance of being authorized, issued, or approved by a government, governmental agency, or lawyer when it is not."

A collector who violates the MCDCA is liable for damages proximately caused by the violation. *See*, §14-203.

In this case, although the Plaintiff asserts that P&P is liable for damages caused by "P&P's alleged violations of the MCDCA" (¶ 29), she fails to identify which subparts, if any, of §14-202, she relies upon in bringing this state law claim.

## V.   STANDARD OF REVIEW

In order to survive the motion to dismiss, "Plaintiff's 'factual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudging their claims across the line from conceivable to plausible.'" Aziz v. Alcolac, Inc., ___ at 3d ___, 2011 WL 4349356, *2 (4th Cir. 2011), *citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570, 127 S.Ct. 1955 (2007).  Although "a court must accept the material facts alleged in the Complaint as true . . . statements of bare legal conclusions 'are not entitled to be assumption of truth' and are insufficient to state a claim."  Id. *citing* Ashcroft v. Iqbal, 129 S. Ct 1937, 1950 (2009) and Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

When a deciding a Rule 12(b)(6) motion, the Court will consider facts stated in the Complaint and any documents referred to in the Complaint and upon which the Plaintiff relies in bringing suit. Biospherics, Inc. v. Forbes, Inc., 989 F.Supp. 748, 749 (D.Md. 1997), *aff'd* 151 F.3d 180 (4th Cir. 1998).  The Court may also consider facts subject to judicial notice, such as the contents of court records. Roberts v. Nicholas, 2007 WL 5145353 at *3 (D.Md. June 26, 2007), *citing* Colonial Ins. Co. v. Coil, 887 F.2d 1236, 1239-40 (4th Cir. 1989). Applying these principles here, because the Plaintiff has referenced the District Court collection lawsuit in her Complaint, this Court may review a copy of the lawsuit in ruling on this motion to dismiss and this Court may also take judicial notice of the entire court record.

## VI. PLAINTIFF HAS FAILED TO ALLEGE SUFFICIENT FACTS TO ESTABLISH THAT THE DEBT P&P SOUGHT TO COLLECT WAS SUBJECT TO THE FAIR DEBT COLLECTION PRACTICES ACT

"To make a successful claim under the FDCPA, a Plaintiff must show: (1) the plaintiff has been the object of collection activity arising from (a) consumer debt; (2) the Defendant is a debtor collector as defined by the FDCPA and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Awah v. Donaty, 2009 WL 3747201, *2 (D.Md. Nov. 4, 2009), *citing* Dikun v. Streich, 369 F.Supp. 2d 781, 785 (E.D.Va. 2005).  In her Complaint, Ms. Dickey asserts, without further elaboration, that she is a "consumer" as defined by the FDCPA (¶ 4) and that she incurred a financial obligation "in the approximate amount of $3308.50 to a creditor" (¶ 8).  These allegations merely state legal conclusions as to Plaintiff's status as a consumer without providing any facts supporting this contention.  In this regard, "[t]he law insists that [Plaintiff] plead facts to establish the nature of the debt for substantive reasons - not simply nit-picky.  The FDCPA applies to certain types of debts, but not others. If (the Plaintiff) does not plead facts that establish the nature of the debt, then [P&P] cannot evaluate whether [Plaintiff] has stated a claim under the FDCPA." Dokumaci v. MAF Collection Services, 2010 WL 2560024, *2 (M.D.Fla. June 17, 2010) (Plaintiff's pleading alleged she incurred a debt to Mease Hospital in the sum of $38.00 is not sufficient to give Defendant fair notice of the nature of the debt.)

Similarly, Plaintiff merely posits in the same conclusory fashion that P&P is a "debt collector" as defined by the FDCPA (¶ 5).  When faced with these types of barebone contentions, other district courts have dismissed complaints where a Plaintiff simply alleges that he/she is a consumer and the Defendant is a debt collector. *See, e.g.,* Sullivan v. CTI Collection Services, 2009 WL 1587588, *2 (M.D.Fla. June 5, 2009); Solomon v. HSBC Mortgage Corp., 2009 WL 2579803, *2 (W.D.Okla. Aug. 18, 2009) (stating that allegation

6

that Defendant is a debt collector is not sufficient); and Lujan v. Global Credit & Collection Corp., 2011 WL 2890216, *3 (D.Colo. July 19, 2011) (denying Plaintiff's motion for summary judgment based on conclusory affidavit that debt was incurred for "personal, family, or household purposes" in absence of specific facts revealing the nature of the debt incurred.)

Based on these authorities, this Honorable Court should grant P&P's Motion to Dismiss because the that Plaintiff has failed to allege specific facts establishing that the debt P&P sought to collect was subject to the Fair Debt Collection Practices Act.

**VII. PLAINTIFF'S COMPLAINT IS ALSO DEFICIENT BECAUSE IT FAILS TO IDENTIFY SPECIFIC FACTS GIVING RISE TO THE FEDERAL AND STATE LAW CAUSES OF ACTION PLED**

Count I of Plaintiff's Complaint alleges that P&P violated several provisions of the FDCPA. A sister court within this Circuit recently denied a motion for a default judgment and dismissed an FDCPA lawsuit where the allegations in the Complaint failed to state a plausible claim for relief. See, In Re Meadows, 425 B.R. 806, 811 (Bankr. W. D.Va. 2010). In Meadows, the Court explained that "the Plaintiff has paraphrased the language of 15 U.S.C. §1692d, f, e, e(5) and e(10) followed by words stating that the Defendant violated these portions of the statute. This is a clear example of a 'formulaic recitation of the elements of a cause of action.' . . . Once these conclusory statements are removed from the Complaint (all that is left is) a few factual allegations . . . these allegations are not, when taken as true, sufficient to establish the necessary elements required to proof the claim under the FDCPA." A similar result should follow here where Plaintiff's allegations in Count I simply parrott the applicable language in the FDCPA and offer no supporting facts that would establish that P&P violated any of the FDCPA subparts cited by the Plaintiff.

Plaintiff claims under the Maryland Consumer Debt Collection Act are similarly deficient. In Count II, Plaintiff fails to identify any particular subpart of this consumer protection statute upon which her claims are based. This glaring deficiency renders Plaintiff's claims in Count II likewise subject to dismissal.

**VIII. THIS CASE SHOULD BE DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND BECAUSE AN AMENDMENT WOULD BE FUTILE**

Where an amended pleading would fail to withstand a motion to dismiss, this Court should deny leave to amend on the grounds of futility. *See, e.g.*, Prelich v. Medical Resources, Inc., ____ F.Supp.2d ____, 2011 WL 3678853, *5 (D.Md. Aug. 19, 2011), *citing*, Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995). As explained below, the Plaintiff cannot craft an amended pleading that will withstand a motion to dismiss based on her theory that P&P violated the FDCPA and/or the MCDCA by attaching her Credit Union account containing Social Security disability benefits and retirement payments.

Ms. Dickey's Complaint does not explain why a garnishment of an account allegedly containing Social Security disability checks and government retirement checks violates either Federal and state law and this Court is therefore left to guess as to Plaintiff's theory of liability. Even though the Plaintiff does not articulate this contention, applicable law does provide an exemption from attachment by judgment creditors of Social Security disability benefits, *see*, 42 U.S.C. § 407; retirement benefits paid by the Federal government, *see*, 5 U.S.C. § 8346; and state government retirement benefits, *see*, Md. Ann. Code §21-502, State Personnel and Pensions Article. In a Maryland District Court action, when a judgment debtor's exempt funds in a bank account are attached, the debtor may move to release the garnishment. *See*, Maryland Rules 3-645(i) and 3-643(c)(2). To the extent that Plaintiff complains that P&P garnished her Credit Union account which included exempt benefits, she does not allege that the filing of the

8

garnishment, in the first instance, was in violation of Maryland law. *Compare*, Todd v. Weltman, Weinberg & Reis Co, L.P.A., 434 F.3d 432, 445 (6th Cir. 2006) (permitting FDCPA claim against law firm to proceed to trial where debtor alleged that law firm falsely submitted affidavit required by Ohio law that it had a reason to believe that the funds in the debtor's bank account contained non-exempt funds). Moreover, the Plaintiff does not contend that P&P was restricted from pursuing the garnishment as a remedy to collect on its client's judgment. *Compare*, Edwards v. Velocity Investment, LLC, 2011 WL 4007394, *6 (N.D. Ohio Sept. 8, 2011) (holding that creditor engaged in harassing and abusive conduct in violation of 15 U.S.C. §1692d by instituting a garnishment <u>after</u> the underlying judgment was entered as satisfied).

In contrast to the absence of any obligation imposed on P&P when filing the post-judgment garnishment in this case, Federal law requires the <u>garnishee</u>, the Baltimore County Employees Credit Union, a federally insured credit union organized under Federal law[3] to protect designated Federal benefits from garnishment. *See*, Department of Treasury Interim Final Rule with Respect to Garnishment of Accounts Containing Federal Benefit Payments published at Fed. Reg. Vol. 76, No. 36, 9939-9962, February 23, 2011, adding New Part 212 to Title 31, Code of Federal Regulations.[4] Upon service of the writ of garnishment, the Credit Union was bound to comply with 31 C.F.R. §212.5 and to the extent that funds in the account included "benefit payments" deposited during a defined two month "look back period," the Credit Union was further mandated by 31 C.F.R. §212.6 to "immediately calculate and establish the protected amount for an account" 31 C.F.R. §212.6(d). If protected benefit payments were deposited during the two months look back period, the Credit Union was then obliged to ensure that "the

---

[3] *See*, Exhibit 3. This record of the National Credit Union Administration, established pursuant to Federal law (12 U.S.C. §1742a) is a type of public record that be may considered in a motion to dismiss. *See, e.g.,* Nanji v. National Geographic Soc., 403 F.Supp.2d 425, 428 (D.Md. 2005), *citing* Kostrzerwa v. City of Troy, 247 F.3d 633, 644 (6th Cir. 2001).

[4] A copy of the interim final rule effective May 1, 2011 is attached hereto as Exhibit 4.

9

account holder has <u>full</u> and <u>customary access to the protected amount</u>, which the financial institution <u>shall</u> not freeze in response to the garnishment order." 31 C.F.R. §212.6(a) (emphasis added).

Thus, the Credit Union and not P&P was under a legal obligation to protect two months of the Plaintiff's social security disability income benefits and/or two months of Federal retirement benefits that were deposited in the Plaintiff's account and not to put a hold on those funds. Accordingly, to the extent that "protected monies" were included in the $800.00 listed in the Credit Union answer, Plaintiff's claims should be directed against her Credit Union and not against P&P.

These recently adopted Federal regulations make clear that Plaintiff's allegation that P&P improperly garnished funds cannot, under any plausible theory, give rise to a claim under the FDCPA and/or the MCDCA. For this reason, leave to amend the Complaint should be denied.

**IX.   CONCLUSION**

For the foregoing reasons, Defendant asks that Plaintiff's Complaint be dismissed, with prejudice and without leave to amend.

THE LAW OFFICES OF RONALD S. CANTER, LLC

/s/ Ronald S. Canter
Ronald S. Canter, Esquire, Bar No. 01024
11300 Rockville Pike, Suite 1200
Rockville, MD 20852
Telephone:  301-770-7490
Facsimile:  301-770-7493
E-Mail:  rcanter@roncanterllc.com
Attorney for Defendant Peroutka & Peroutka, P.A.

CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by Electronic Notification pursuant to ECF procedures on this 10th day of October, 2011 to:

>Forrest E. Mays, Esquire
>1783 Forest Drive, Suite 109
>Annapolis, MD  21401
>Attorney for Plaintiff


>/s/ Ronald S. Canter
>Ronald S. Canter, Esquire
>Attorney for Defendant Peroutka & Peroutka, P.A.